UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLEVELAND TROY BIAS**<br>  **LA. DOC #247758**<br>**VS.** | **CIVIL ACTION NO. 6:15-cv-0630**<br><br>**SECTION P**<br><br>**JUDGE HAIK** |
| **WARDEN JEFF WENDOM** | **MAGISTRATE JUDGE HILL** |

<u>**REPORT AND RECOMMENDATION**</u>

*Pro se* petitioner Cleveland Troy Bias, an inmate in the custody of the Louisiana Department of Corrections filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on March 9, 2015.[1] Petitioner attacks his 2007 conviction for distribution of cocaine and his subsequent adjudication as an habitual offender, for which he was ultimately sentenced to fifteen years imprisonment by the Fifteenth Judicial District Court for Acadia Parish, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

For the reasons which follow, **IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d) and alternatively, because petitioner's claims are procedurally defaulted.

---

[1] The petition was filed on March 12, 2015. However, it was signed by petitioner on March 9, 2015. Therefore, the Court has given petitioner the benefit of the "mailbox" rule.

**Statement of the Case**

Petitioner was charged with distribution of cocaine in case number 68872. On September 26, 2007, he was found guilty as charged. On March 3, 2008, petitioner was sentenced to serve 10 years imprisonment. On January 7, 2008, the State filed an habitual offender bill in case number 72750. On May 13, 2009, petitioner was adjudicated an habitual offender. Accordingly, petitioner's original sentence was vacated and petitioner was re-sentenced to serve 15 years imprisonment. [Doc. 1, ¶1-6; 1-2, p. 3; Doc. 1-3, p. 6 (Court Minutes)].

Prior to being adjudicated an habitual offender, on August 4, 2008 petitioner filed an application for post-conviction relief in the District Court, alleging that his counsel was ineffective for failing to file a motion for an appeal. On January 7, 2009, a hearing on the application for post-conviction relief was held, at the conclusion of which, relief was denied. On March 26, 2009, petitioner filed an application for writs in the Third Circuit Court of Appeals. This application was denied as deficient on May 26, 2009. *State of Louisiana v. Cleveland Troy Bias*, 09-371 (La. App. 3 Cir. 5/26/2009).

Petitioner filed another writ application in the Third Circuit on August 25, 2009. That writ application was denied on November 5, 2009 because petitioner had not provided a copy of the January 7, 2009 evidentiary hearing transcript. *State of Louisiana v. Cleveland Troy Bias*, 09-1023 (La. App. 3 Cir. 11/5/2009). [Doc. 1-2, pp. 3-4].

On March 22, 2010, petitioner filed a motion for out-of-time appeal in the District Court. Thereafter, he filed a petition for mandamus in the Third Circuit seeking a ruling on his motion. The Third Circuit denied mandamus relief on September 10, 2010 because the Acadia Parish Clerk of Court claimed that the Court had not received petitioner's motion. *State of Louisiana v. Cleveland Troy Bias*, 10-923 (La. App. 3 Cir. 9/10/2010). [Doc. 1-2, p. 4]

On September 13, 2010, an evidentiary hearing on petitioner's motion for out-of-time appeal was held. Thereafter, for reasons assigned on September 16, 2010, relief was denied. [Doc. 1-3, p. 7]. On October 19, 2010 petitioner filed a writ application in the Third Circuit. That application was denied on December 6, 2010 because petitioner failed to provide a copy of the evidentiary hearing transcript or a copy of his Motion for an out-of-time Appeal. *State of Louisiana v. Cleveland Troy Bias*, 10-1264 (La. App. 3 Cir. 12/6/2010). [Doc. 1-2, p. 4].

On December 16, 2010, petitioner filed another writ application in the Third Circuit, presumably with the missing documentation. On January 23, 2012, the Third Circuit granted writs and ordered the District Court to grant petitioner's motion for out-of-time appeal. *State of Louisiana v. Cleveland Troy Bias*, 10-1510 (La. App. 3 Cir. 1/23/2012). [Doc. 1-3, p. 8]. The District Court complied with that Order on January 27, 2012 by granting separate out-of-time appeals with respect to petitioner's conviction in case number 68872 and petitioner's habitual offender adjudication and multiple offender sentence in case number 72750.

On December 5, 2012, the Louisiana Third Circuit Court of Appeals affirmed petitioner's conviction, habitual offender adjudication, and sentence in separate Orders appeals. [Doc. 1-2, p. 5; 1-3, p. 9 and 10]. *State of Louisiana v. Cleveland Troy Bias*, 2012-0609 (La. App. 3 Cir. 12/5/2012), 103 So.3d 744 (Table) 2012 WL 6030889 (conviction); and *State of Louisiana v. Cleveland Troy Bias,* 2012-0610 (La. App. 3 Cir. 12/5/2012), 103 So.3d 744 (Table); 2012 WL 6028911.

Sometime in April, 2013,[2] petitioner filed an application for post-conviction relief in the trial court raising claims of (1) ineffective assistance of counsel; (2) errors with respect to a photographic lineup; and (3) the constitutionality of the habitual offender adjudication. On June 26, 2013, the District Court denied the application. In so doing, the Court held that petitioner's petitioner's claims regarding the photographic lineup and his habitual offender adjudication were defaulted as they had previously been litigated on direct appeal. [Doc. 1-3, p. 12]. On July 29, 2013, petitioner filed an application for writ of review in the Third Circuit Court of Appeals. The Third Circuit denied writs on November 19, 2013 finding that "[t]he trial court did not err in denying [petitioner's] application for post conviction relief." *State of Louisiana v. Cleveland Troy Bias*, 13-857, (La. App. 3 Cir. 11/19/2013. [Doc. 1-3, p. 11]. Notice of Judgment was mailed to petitioner on November 19, 2013. [Doc. 1-3, p. 11].

---

[2] Petitioner did not provide the exact date of filing; he claims only that the pleading was filed in April, 2013. For the purposes of this Report, and giving petitioner the benefit of every doubt, it will be presumed that the pleading was filed on April 1, 2013.

4

On April 7, 2014, petitioner filed an application for writ of review in the Louisiana Supreme Court. On January 16, 2015, the Louisiana Supreme Court denied review without comment. *State of Louisiana ex rel. Cleveland Troy Bias v. State of Louisiana*, 2014-0746 (La. 1/16/2015), 157 So.3d 1123. [Doc. 1-3, p. 13]. Petitioner suggests that in this writ application he sought review of the Third Circuit's decision on his post-conviction application under docket number 13-857; however, the decision of the Louisiana Supreme Court reveals that this writ application sought review of the Third Circuit's decisions on petitioner's direct appeals under docket numbers 2012-0609 and 2012-0610. [Doc. 1-2, p. 6].

Petitioner filed the instant petition on March 9, 2015.[3] He argues the following claims for relief: (1) insufficiency of the evidence; (2) ineffective assistance of trial counsel; (3) denial of an evidentiary hearing on petitioner's post-conviction claim of ineffective assistance of counsel; and, (4) failure to advise petitioner of his rights with regard to the habitual offender proceeding.

Petitioner has no other petitions or appeals pending in any court with respect to the challenged conviction and adjudication. [Doc. 1, ¶15].

---

[3]*See* fn. 1, *supra.*

## Law and Analysis

**1. Federal One-Year Limitation Period**

Title 28 U.S.C. § 2244(d)(1)(A) provides a one-year statute of limitations for the filing of federal petitions seeking *habeas corpus* relief by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . . " 28 U.S.C. § 2244(d)(1)(A).[4]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period (*see Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999) *citing Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)) and, of course, the limitations period is tolled only for as long as the state application remains "properly filed" and pending in the state's courts. *See Johnson v.*

---

[4] Nothing in the record suggests that any State created impediments prevented the filing of this petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. *See* 28 U.S.C. § 2244(d)(1)(B), (C), and (D). Accordingly, these provisions are inapplicable.

*Quarterman*, 483 F.3d 278, 285 (5th Cir. 2007). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner eventually directly appealed to the Third Circuit Court of Appeals, which affirmed petitioner's conviction, multiple offender adjudication, and his enhanced sentence on December 5, 2012; notice of judgment was mailed that same date. [*See* Doc. 1-3, pp. 9 and 10] *State of Louisiana v. Cleveland Troy Bias*, 2012-0609 (La. App. 3 Cir. 12/5/2012), 103 So.3d 744 (Table) 2012 WL 6030889; *State of Louisiana v. Cleveland Troy Bias,* 2012-0610 (La. App. 3 Cir. 12/5/2012), 103 So.3d 744 (Table); 2012 WL 6028911. Therefore, under Louisiana Supreme Court Rule X, §5(a), petitioner had 30 days following the Third Circuit's mailing of its Notice of Judgment, or until January 5, 2013, to apply for further direct review in the Louisiana Supreme Court.[5]

The record in this case clearly establishes that petitioner did not seek further direct review in the Louisiana Supreme Court until, at the earliest, over one year later on April 7, 2014. Accordingly, for purposes of the federal one-year limitation period, petitioner's judgment of conviction "became final by . . . expiration of the time for seeking [further direct] review" under 28 U.S.C. §2244(d)(1)(A) on January 5, 2013, when the 30 day period set forth in Louisiana Supreme Court Rule X, §5(a) expired. *See Butler v. Cain*, 533 F.3d 314, 317-318 (5th Cir. 2008).

---

[5] Louisiana Supreme Court Rule X, §5(a) provides: "An application seeking to review a judgment of the court of appeal . . . shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal . . . . No extension of time therefor will be granted."

Because petitioner's judgment of conviction became final for AEDPA purposes on January 5, 2013, petitioner had one year, or until January 5, 2014 to file his federal *habeas corpus* petition.  The instant petition was not filed until, at the earliest, March 9, 2015.

Pursuant to §2244(d)(2), petitioner was able to statutorily toll the running of the limitation period during the pendency of his application for post-conviction relief in the Louisiana state courts.  Petitioner filed his Application for Post-Conviction Relief on April 1, 2013.[6]  However, prior to filing his post-conviction application, a period of 85 days of the one-year limitation period had elapsed, leaving only 280 days remaining. This application remained properly filed and pending, and thus tolled the limitations period, until November 19, 2013 when the Third Circuit denied petitioner's writ application. *State of Louisiana v. Cleveland Troy Bias*, 13-857 (La. App. 3rd Cir. 11/16/2013). [Doc. 1-3, p. 11].   Thereafter, a period of almost 16 months elapsed untolled before petitioner filed his federal *habeas corpus* petition on March 9, 2015.

Petitioner may not rely upon the pendency of his untimely Louisiana Supreme Court writ application to toll the limitation period because, assuming this writ application pertained to petitioner's direct appeals, that pleading was not a "properly filed application for State post-conviction or other collateral review. . . ." *Butler, supra*, 533 F.3d at 318. Further, to the extent that the writ application pertained to the November 19, 2013 denial

---

[6]*See* fn. 2, *supra.*

of post-conviction relief by the Third Circuit, that application was likewise not "properly filed" for purposes of AEDPA tolling.

Under Louisiana Supreme Court Rule X, §5(a), petitioner had a period of 30-days following the November 19, 2013 mailing of the Third Circuit's Notice of Judgment within which to file his writ application in the Louisiana Supreme Court, that is, until December 19, 2013. Petitioner did not file his writ application until April 7, 2014. *See Williams v. Cain*, 217 F.3d 303, 308 (5th Cir. 2000)[7]; *See also Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (holding that "time limits, no matter their form, are 'filing' conditions" and therefore, an untimely petition is not "properly filed" for purposes of statutory tolling, as it cannot even be initiated or considered).

Thus, under § 2244(d), it is clear that the instant petition is untimely.

**II. Equitable Tolling**

Petitioner is also not entitled to equitable tolling. The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The Supreme Court, when assuming without deciding that equitable tolling is available, articulated that to be entitled to equitable tolling, the petitioner must show "that he has

---

[7]In *Williams*, the Fifth Circuit haled that Rule X, § 5(a) is a procedural requirement governing the time of filing, which sets out no specific exceptions to, or exclusions from, the limitation period and forbids any extension thereof. *Williams,* 217 F.3d at 308.

been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 127 S.Ct. at 1085; *See also Pace*, 544 U.S. at 418. "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

The record does not support equitable tolling of the statute of limitations in the instant case. The circumstances faced by petitioner were not extraordinary, rare or exceptional so as to provide a basis for equitable tolling. Moreover, petitioner has not shown that he pursued his rights diligently. Accordingly, petitioner is not eligible for equitable tolling.

**III. Exhaustion of State Court Remedies and Procedural Default**

Even if petitioner would be entitled to equitable or statutory tolling of the limitations period, his petition would still be subject to dismissal.

Federal *habeas corpus* review of state court convictions is limited by the intertwined doctrines of procedural default and exhaustion of state court remedies. Procedural default exists where (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, ("traditional" procedural default), or (2) the petitioner fails to properly exhaust all available state court remedies, and the state court to which he would be required to petition would now find the claims

procedurally barred, ("technical" procedural default). In either instance, the petitioner is deemed to have forfeited his federal *habeas* claims. *Bledsue v. Johnson*, 188 F.3d 250, 254-55 (5th Cir.1999) citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1986) and *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

The federal *habeas corpus* statute and decades of federal jurisprudence require a petitioner seeking federal *habeas corpus* relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir.1983); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir.1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir.1998).

In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts in a "procedurally proper manner." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5 Cir.2001); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir.1998) citing *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir.1985); *Mercadel*, 179 F.3d at 275 citing *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983); *Deter v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). Moreover, each claim must be presented to the state's highest court,

11

even when review by that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Magouirk*, 144 F.3d at 360 citing *Richardson*, 762 F.2d at 431-32. In Louisiana, the highest court is the Louisiana Supreme Court.

Thus, in order for a Louisiana prisoner to have exhausted his state court remedies, he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998).

In light of the above procedural history, petitioner did not properly present any of his federal *habeas corpus* claims to the Louisiana Supreme Court and therefore he failed to exhaust available State court remedies. To the contrary, petitioner's sole writ application to the Louisiana Supreme Court was not timely or properly filed.

Moreover, it appears that petitioner would now be unable to return to the Louisiana courts to fully and properly exhaust remedies on the claims asserted herein. Any additional post-conviction applications filed by petitioner would be barred by Louisiana Code of Criminal Procedure article 930.4, which generally prohibits successive or repetitive petitions. Furthermore, any such application would be time-barred under Louisiana Code of Criminal Procedure article 930.8, which establishes a two year limitation period, generally running from the date a conviction becomes final. Thus, any attempt by petitioner to re-litigate his claims in post-conviction proceedings to meet the

exhaustion requirement would be futile.

A petitioner has "technically exhausted" his federal claims if he fails to properly and timely present the claims to the state courts and is thereafter barred from seeking relief in those courts. *Magouirk v. Phillips*, 144 F.3d 348 (5th Cir. 1998) *citing Coleman v. Thompson*, 501 U.S. 722, 731-33, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1986) and *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995); *Coleman*, 111 S.Ct. 732, 735 fn. 1; *Bledsue*, 188 F.3d at 254-55; *Fuller v. Johnson*, 158 F.3d 903, 905-06 (5th Cir. 1998). In such a case, there is no difference between non-exhaustion and procedural default. *Magouirk*, 144 F.3d at 358. Accordingly, when a petitioner fails to exhaust state court remedies because he has allowed his federal claims to lapse, those claims are considered "technically" procedurally defaulted. *Id.*

This court may therefore refuse to review petitioner's claims unless petitioner demonstrates that he should be excused from application of the procedural default doctrine by showing cause and prejudice for the default[8] or that a miscarriage of justice will result from the denial of federal *habeas* review.[9] *See Finley*, 243 F.3d 215, 220-221

---

[8]In *Murray v. Carrier*, the Supreme Court explained that "cause" requires an impediment external to the defense: "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause under this standard." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986) (internal citations omitted).

[9]In order for a *habeas corpus* petitioner to avoid a procedural default by showing a fundamental miscarriage of justice, the petitioner must assert his actual innocence by showing that "a constitutional

(5th Cir. 2001); *Coleman*, *supra;* *McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Moore v. Roberts*, 83 F.3d 699 (5th Cir. 1996); *Gray v. Netherland*, 518 U.S. 152, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *Sones*, 61 F.3d at 416. *Murray*, 477 U.S. at 496, 106 S.Ct. at 2649; *Glover*, 128 F.3d at 904; *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995); *Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir. 1996) *quoting* *McClesky*, 499 U.S. at 495, 114 S.Ct. at 1471.

The cause of petitioner's default was his failure to properly and timely present the substance of his federal *habeas corpus* claims to the Louisiana Supreme Court. This failure was clearly not "an impediment external to the defense." Thus, petitioner has not shown "cause" for his default. This court therefore need not consider whether there is actual prejudice. *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992).

Likewise, petitioner has not shown that, as a factual matter, he is actually innocent of the crime for which he was convicted, and, thus, he will not suffer a fundamental miscarriage of justice from this Court's failure to consider his claims. Indeed, given the Louisiana Third Circuit Court of Appeals' opinion on direct appeal finding sufficient evidence to support petitioner's conviction, it appears unlikely that petitioner could establish his actual innocence. *See State of Louisiana v. Cleveland Troy Bias*, 2012-0609

---

violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 106 S.Ct. at 2649; *Glover*, 128 F.3d at 904. To support this assertion, the petitioner must allege that as a factual matter he did not commit the crime of which he was convicted. *Corwin v. Johnson*, 150 F.3d 467, 473 (5th Cir. 1998); *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995). Thus, the petitioner must make a "colorable showing of factual innocence." *Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir.), *cert. denied*, 519 U.S. 1017, 117 S.Ct. 530, 136 L.Ed.2d 416 (1996) *quoting McClesky v. Zant*, 499 U.S. 467, 495, 114 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1993).

(La. App. 3 Cir. 12/5/2012), 103 So.3d 744 (Table) 2012 WL 6030889, at *1-3. Accordingly, petitioner cannot avoid procedural default on grounds of actual innocence.

For the reasons set forth above, petitioner's claims are technically procedurally defaulted. Therefore, this court is precluded from reviewing the merits of petitioner's claims.

Therefore;

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d) and alternatively, because petitioner's claims are procedurally defaulted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except**

upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Lafayette, Louisiana, June 30, 2015.

_C. Michael Hill_
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE